IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02321-GPG

ROBERT CRAIG VAN BUSKIRK,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
RICK RAMISH, Executive Director of Colo. Dept. of Corrections,
MRS. BURTLOW, Acting Warden of Colorado Territorial Prison for 9-2015 to 12-2015 (September to December, 2015),
BRIAN HOFFMAN, Colo. Territorial Prisons Medical Administrator or Designee for 9-2015 to 12-2015,
MARY GABRIEL, Plaintiff's Case Manager at Colo. Territorial Prison #14057,
ANITA NORMANDY, #18124, Medical Grievance Responder, and
DESTIN FOREE, #20127, Medical Grievance Responder,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Robert Craig Van Buskirk, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Van Buskirk has filed *pro se* a Prisoner Complaint (ECF No. 1) asserting two federal constitutional claims pursuant to 42 U.S.C. § 1983 and a state law negligence claim. He seeks damages as relief.

The court must construe the Prisoner Complaint liberally because Mr. Van Buskirk is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Van Buskirk will be

1

ordered to file an amended complaint if he wishes to pursue his claims in this action.

Mr. Van Buskirk first claims he was subjected to cruel and unusual punishment in violation of the Eighth Amendment because he was denied adequate medical treatment from September 1, 2015, until October 29, 2015. His second claim is a constitutional due process claim premised on the same alleged denial of adequate medical treatment. Mr. Van Buskirk also alleges in claim two that he was denied due process because the prison grievance procedure is not adequate. The medical treatment potion of claim two must be construed as an Eighth Amendment claim because "the Eighth Amendment . . . serves as the primary source of substantive protection to convicted prisoners." *Whitley v. Albers*, 475 U.S. 312, 327 (1986). Mr. Van Buskirk's third claim for relief is a state law negligence claim premised on the same alleged denial of adequate medical treatment.

The Prisoner Complaint is deficient because Mr. Van Buskirk fails to allege specific facts in support of his claims against each Defendant that demonstrate he is entitled to relief. With respect to the constitutional claims against Defendants in their individual capacities, the court emphasizes that "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Thus, allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011). A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be

supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability). To the extent a particular Defendant merely denied a grievance, that fact alone is not sufficient to demonstrate personal participation. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (stating "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation").

To the extent Mr. Van Buskirk is suing Defendants in their official capacities, he fails to allege facts that would support an arguable claim for relief. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978). Therefore, to the extent Mr. Van Buskirk is asserting claims against Defendants in their official capacities, the claims must be construed as claims against the State of Colorado. However, Mr. Van Buskirk's claims for damages against the State of Colorado are barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

Mr. Van Buskirk is advised that, in order to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed

liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In order to state an arguable Eighth Amendment claim Mr. Van Buskirk must allege facts that demonstrate deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). "A claim of deliberate indifference includes both an objective and a subjective component." *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014). "A medical need is considered sufficiently serious to satisfy the objective prong if the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 1192-93 (internal quotation marks omitted). Because Mr. Van Buskirk's Eighth Amendment claim is premised on a delay in providing adequate medical care, he must allege specific facts that demonstrate the delay resulted in substantial harm. *See id.* at 1193. "[T]he substantial harm caused by a delay in treatment may be a permanent physical injury, or it may be an intermediate injury, such as the pain experienced while waiting for treatment and analgesics." *Id.* (internal quotation marks omitted). Under the subjective prong, 'a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

With respect to the due process claim, the court notes that prisoners do not have a constitutional right to a grievance procedure. *See Boyd v. Werholtz*, 443 F. App'x 331

(10th Cir. 2011) (affirming dismissal under 28 U.S.C. § 1915A of inmate's claim based on alleged denial of access to prison grievance procedure); see also Walters v. Corrs. Corp. of Am., 119 F. App'x 190, 191 (10th Cir. 2004) (finding that an alleged denial of access to administrative grievance procedure did not result in a constitutional violation).

For these reasons Mr. Van Buskirk will be ordered to file an amended complaint that clarifies the claims he is asserting.  The court may decline to exercise supplemental jurisdiction over Mr. Van Buskirk's state law negligence claim if he fails to allege sufficient facts to support a cognizable federal constitutional claim.  See 28 U.S.C. § 1367(c)(3). Accordingly, it is

ORDERED that Mr. Van Buskirk file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Van Buskirk shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Van Buskirk fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED January 7, 2016, at Denver, Colorado.

BY THE COURT:



Gordon P. Gallagher
United States Magistrate Judge