IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02321-GPG

ROBERT CRAIG VAN BUSKIRK,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
RICK RAMISH, Executive Director of Colo. Dept. of Corrections,
MRS. BURTLOW, Acting Warden of Colorado Territorial Prison for 9-2015 to 12-2015
    (September to December, 2015),
BRIAN HOFFMAN, Colo. Territorial Prisons Medical Administrator or Designee for
    9-2015 to 12-2015,
MARY GABRIEL, Plaintiff's Case Manager at Colo. Territorial Prison #14057,
ANITA NORMANDY, #18124, Medical Grievance Responder, and
DESTIN FOREE, #20127, Medical Grievance Responder,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Robert Craig Van Buskirk, is a prisoner in the custody of the Colorado Department of Corrections ("DOC").  On January 5, 2016, Mr. Van Buskirk filed *pro se* a Prisoner Complaint (ECF No. 6) asserting two federal constitutional claims pursuant to 42 U.S.C. § 1983 and a state law negligence claim.  On January 7, 2016, Magistrate Judge Gordon P. Gallagher ordered Mr. Van Buskirk to file an amended Prisoner Complaint that clarifies the claims he is asserting.  Magistrate Judge Gallagher specifically advised Mr. Van Buskirk regarding the factual allegations necessary to support his constitutional claims.  Magistrate Judge Gallagher also warned Mr. Van Buskirk that the Court may decline to exercise supplemental jurisdiction over his state law negligence claim if he

failed to allege sufficient facts to support a cognizable federal constitutional claim and that, if he failed to file an amended Prisoner Complaint within thirty days, the action would be dismissed without further notice.  On February 19, 2016, Magistrate Judge Gallagher entered a minute order granting Mr. Van Buskirk an extension of time until March 23, 2016, to file an amended Prisoner Complaint.  Magistrate Judge Gallagher again warned Mr. Van Buskirk that the action would be dismissed without further notice if he failed to file an amended Prisoner Complaint within the time allowed.  Despite these warnings, Mr. Van Buskirk has not filed an amended Prisoner Complaint within the time allowed.

The Court must construe the Prisoner Complaint liberally because Mr. Van Buskirk is not represented by an attorney.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  Hall, 935 F.2d at 1110.  However, the Court should not be an advocate for a pro se litigant.  See id.

Mr. Van Buskirk has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Therefore, the Court must dismiss the Prisoner Complaint if the claims are frivolous.  See 28 U.S.C. § 1915(e)(2)(B)(i).  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  The Court will dismiss the action as legally frivolous.

Mr. Van Buskirk asserts three claims for relief. He first claims his Eighth Amendment right to be free from cruel and unusual punishment was violated when he was denied adequate medical treatment from September 1, 2015, until October 29, 2015. He contends in his second claim that his constitutional right to due process also was violated because he was denied adequate medical treatment and that he was denied due process because the prison grievance procedure is not adequate. As Magistrate Judge Gallagher noted, the medical treatment potion of claim two must be construed as an Eighth Amendment claim because "the Eighth Amendment . . . serves as the primary source of substantive protection to convicted prisoners." *Whitley v. Albers*, 475 U.S. 312, 327 (1986). Mr. Van Buskirk's third claim is a state law negligence claim premised on the same alleged denial of adequate medical treatment. He is suing Defendants in both their individual and official capacities.

The Court first will address Mr. Van Buskirk's constitutional claims asserted against the DOC and the individual Defendants in their official capacities. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978). Therefore, to the extent Mr. Van Buskirk is asserting claims against Defendants in their official capacities, the claims must be construed as claims against the DOC. However, the DOC, which is an agency of the State of Colorado, *see* Colo. Rev. Stat. § 24-1-128.5, is protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an

unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Therefore, the claims for damages against the DOC and the individual Defendants in their official capacities are legally frivolous and must be dismissed.

Mr. Van Buskirk's Eighth Amendment claims against Defendants in their individual capacities also lack merit because he fails to allege specific facts that demonstrate the individual Defendants personally participated in the alleged denial of medical care. In order to state an arguable Eighth Amendment claim Mr. Van Buskirk must allege facts that demonstrate deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). "A claim of deliberate indifference includes both an objective and a subjective component." *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014). "A medical need is considered sufficiently serious to satisfy the objective prong if the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 1192-93 (internal quotation marks omitted). To the extent Mr. Van Buskirk's Eighth Amendment claim is premised on a delay in providing adequate medical care, he must allege specific facts that demonstrate the delay resulted in substantial harm. *See id.* at 1193. "[T]he substantial harm caused by a delay in

treatment may be a permanent physical injury, or it may be an intermediate injury, such as the pain experienced while waiting for treatment and analgesics." *Id.* (internal quotation marks omitted).   Under the subjective prong, 'a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

As Magistrate Judge Gallagher advised Mr. Van Buskirk, "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997).   Thus, allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011).   Furthermore, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.   See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).   Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind.   See *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

Mr. Van Buskirk fails to allege specific facts that demonstrate the individual Defendants personally participated in the alleged denial of adequate medical treatment. He does not allege that any Defendant knew he faced a substantial risk of serious harm and failed to take action to abate that risk.   His vague and conclusory allegations that

Defendants failed to ensure he received adequate medical care are not sufficient to demonstrate they personally participated in any medical decisions pertinent to his medical treatment.   Therefore, the Eighth Amendment claim for damages asserted against Defendants in their individual capacities also will be dismissed as legally frivolous.

Mr. Van Buskirk's due process claim premised on the alleged inadequacy of the DOC grievance procedure also lacks merit because prisoners do not have a constitutional right to a grievance procedure.   See *Boyd v. Werholtz*, 443 F. App'x 331 (10th Cir. 2011) (affirming dismissal under 28 U.S.C. § 1915A of inmate's claim based on alleged denial of access to prison grievance procedure); *see also Walters v. Corrs. Corp. of Am.*, 119 F. App'x 190, 191 (10th Cir. 2004) (finding that an alleged denial of access to administrative grievance procedure did not result in a constitutional violation). Therefore, the due process claim also is legally frivolous and must be dismissed.

For these reasons, the constitutional claims will be dismissed.   The Court declines to exercise supplemental jurisdiction over the state law negligence claim because the federal claims over which the Court has original jurisdiction will be dismissed.   *See* 28 U.S.C. § 1367(c)(3).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth

Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 6) and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   1st   day of   April  , 2016.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court